**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4479**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LUIS MELITO ARELLANO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:13-cr-00316-D-1)

Submitted: February 12, 2015          Decided: February 18, 2015

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Noah A. Clements, THE CLEMENTS FIRM, Washington, D.C., for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Arellano was convicted of carjacking, in violation of 18 U.S.C. § 2119 (2012), and sentenced to 168 months' imprisonment. On appeal, Arellano contends that the district court plainly erred in exercising jurisdiction over him, where the federal carjacking statute exceeds Congress's legislative authority under the Commerce Clause. We affirm.

Arellano's challenge to the federal carjacking statute was not raised in the district court; we thus review the court's decision for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). Arellano must show that an error (1) occurred, (2) was plain, (3) affected his substantial rights, and (4) "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." Id.

We have reviewed the record and conclude that the district court did not plainly err. We have twice considered and rejected similar Commerce Clause challenges to the federal carjacking statute. See United States v. Runyon, 707 F.3d 475, 489-90 (4th Cir. 2013); United States v. Cobb, 144 F.3d 319, 321-22 (4th Cir. 1998).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED